Good morning, how are you? Verna, we fought on behalf of Mario Paris. Pardon me. You name Verna. We fall. How are you? Fine. The first thing I wanted to address this morning is the inability that I've had to get the exhibits that are the subject of this appeal before the court. This is the photo lineup, right? I'm sorry, Your Honor. This is the photo lineup? Right. There's two exhibits. There's a six-pack and then there's a photograph of the live one. Live one. Why haven't you gotten these from the state court? Because, Your Honor, I cannot do that without an order from this court requesting to see them. I have made Why is that? Well, you know what, I've made numerous efforts to do that. I've talked to the Have you filed a motion with that court saying I've got a federal hearing? Yes, I did. I filed a motion with this court. No, no. Have you filed a motion with that court saying I've got Not yet, and I will explain why, Your Honor. The easiest way for me to do it was when I alerted this court that if I had an order from this court saying that I would that the court wants to see them Long before you got to this court, you had a case in district court. In the district court? Yes. Yes. You remember the district court? That's with a single judge. Okay. And that's where evidence is taken. And the party who is the plaintiff or the petitioner has the burden of presenting evidence. And the way you get evidence is by going to get it. If somebody refuses to give it to you, you then invoke the court's processes to obtain it. But the first step to obtaining evidence is to ask for it. And the way one asks a court is by either you call the clerk and say, Will you just release it? Or you file a motion with the judges of the court, with the court, to be adjudicated by one of the judges saying, I need this evidence for my federal proceedings. And if you answer there's no one to give it to you, then you can bring that to federal court and get the federal court's help. But I don't need to teach you how to practice law, do I? No, Your Honor. But I would agree with the court that that was the appropriate procedure. I made an effort at the very beginning. I asked the exhibit custodian to preserve the exhibits because of the federal habeas thing. And I mentioned numerous times in the memorandum of appoints and authorities accompanying the petition that when the court was ready to look at the exhibit that I would go and seek an order. Don't ask for evidence. It is a burden of parties to present evidence. Your Honor. You don't want to say, Okay, now I'm ready to see the evidence. I mean, have you ever had a judge say, Oh, give me more evidence? Usually we say too much evidence. You know, we're going to exclude it because it's too burdensome. Well, Your Honor, I did not. It may be, Your Honor, that the court disagreed with what comes first, the chicken or the egg. But in my opinion, I did everything that I could do to get the exhibit before the court. And I would like to point out. The fact of the matter is there is no exhibit anywhere in federal court which is at the heart of your client's case. Right. But I would like to. That's what the reality is. But, Your Honor, the exhibits can be brought to the court. If the court would say today that the court wishes to see the exhibits, then I will go and, based upon that request, ask the superior court judge to issue an order to the exhibit custodian to present them. Your Honor, I would like to. What if we don't say it? Well, Your Honor, I would like to point out that before the argument, once the order for oral argument came down, I called Mr. DiNicola and asked him. I said, well, now that we have the order for oral argument, I assume you would have no objection if I file an ex parte request with the superior court judge to have exhibit custodian forward the exhibits to the court so that they could look at them. And he said that he could not agree with that because he only represents the warden. And that is not his. You only file things when the other side agrees? I'm sorry. I don't understand. You only file motions if you can get the other side to agree? Is that how you practice law? What prevented you from filing a motion with the state court saying deliver up the exhibits to the federal court? I am – you have an answer for that? Well, Your Honor, the reason that I did not do that was waiting for this court to say – That's not what I asked. Because I wanted the motion to be written. That's not what I asked. I asked, what prevented you from doing that? I suppose, Your Honor, it was my belief that I needed – the request from this court first and that having – And what do you cite for authority that you need a request to obtain evidence supporting your client's case? That the court needs to ask for evidence. What authority is there for that? Is there a rule? Is there a case? Did you just make it up? No, Your Honor. I'm not making it up. I believe that was my – Where did it come from? Show me some authority for that. Your Honor, the reason – the way I handled it – You're in a difficult position of being on appeal having failed to present to the trial court the evidence which is the heart of your client's case. And so what is your reason? What is your legally – I mean, you're a lawyer. You research the law. And presumably, if you didn't do something like that, you have some authority. You have some case, some rule, something that says I could not go forward and take the obvious and logical and necessary steps to obtain the evidence. And I'm asking you for that authority right now. Well, the authority is that I specifically asked the exhibit custodian what it was she needed to release the exhibit. That's a narrative of what you did. The authority. The authority that kept you from filing a motion in State court and asking for the exhibit. There wasn't any. You know, if there was some rule that said this would be misconduct or you could get sanctioned or, you know, whatever, then, of course, you shouldn't do it. I'm just not aware of anything like that. No, Your Honor. There isn't any authority that prevented me from doing it. I just, I believe that I was doing it the proper way. How can we review this case in the absence of you having presented evidence in the trial court? Well, that's my concern, Your Honor. And, you know, I contacted the staff attorney. The Court disagrees with the way that I handled this, but I do believe that I made every effort in the way that I believed, having dealt with the exhibit custodians in the Superior Court in the past, and my experience that that was the way that I needed to do it. And I request, I filed motions. I repeatedly said when the Court is ready to do it, I will seek this. And you know, you're going over the same narrative again and again, but I don't think you realize that, I mean, it doesn't make any difference. The fact that you had the reasons which turned out not to be very good doesn't help your client any. Do you have any remaining arguments? The fact of the matter is we can't look at evidence. It's not in the record. And an appeal is not the place to make evidence. So what can you offer? Well, Your Honor, I would ask the Court then not to submit the case, to continue it, and let me file the application. You know, again, I said, you know, I spoke to him before. Well, counsel, yeah, we heard that. But I might add, have you read the magistrate's opinion in this case? The magistrate judge's ruling from which you have been. Yes, of course I did. Well, you went over the same ground. You said, well, you hadn't gotten the evidence, and the magistrate judge said, we are not an evidence-gathering body. You have to get it. This was a long time ago, you were told by the magistrate judge. So there's really nothing more to be said. Well, this is not a question of taking evidence. It's in evidence. It's a question of – Because you're not an evidence in the federal court, and you're now in federal court. Right. The state record does not automatically become part of the record in federal court. Counsel has to bring it there. That's your job. One judge already told you that, but you didn't listen. You didn't want to listen. You didn't – you know, you had your view of how this is done. And it would have been so easy to simply file a motion there. If you got denied, then you didn't have to worry about denying it, and then the court or we, the district court, or we could have done something about it. Well, by the same token – But you haven't got anything. But by the same token, requesting, filing a motion requesting that the court say that it wants to look at it, to me, would be the ability, would be the manner to go and get it. We don't want anything at all. We are not – we don't have wants. We rule on matters presented to us. For us to say we want something would be to favor a party. I don't have any desire in this case. If you present a record, an argument that entitles you to relief, then you will get it. But I don't have a desire in it. I don't want to look at it. It's not something about which it's even appropriate for this court to express a view. Well, putting aside the lineup in the six-pack, wasn't there independent evidence by Mr. Browning, an eyewitness who saw him and identified him? Isn't that enough to support the conviction? No. Why not? Well, Your Honor, this is not a sufficiency of evidence argument. The issue is whether or not the eyewitness identification that should have been suppressed, had it been suppressed, would it have made a difference? But Mr. Browning identified him not on the basis of the six-pack or the basis of the lineup. He identified him because he saw him in court. He saw him when the robbery was convicted – committed. And then he saw him in court and he said, this is the man. Isn't that what happened? Well, Your Honor – Isn't that what happened? That is correct. There was – So isn't that enough to obviate any error, any due process error in the manner in which the lineup and the six-pack were handled? No, Your Honor, because under the five-part test of Manson v. Braithwaite, Neal v. Biggers, it's not enough once you have suggestive pretrial eyewitness identification. And if it's been admitted, then you look at five factors concerning the witness's ability to see and so on, and then you measure that against the corrupting effect of the – of the – of the suggestive identification. And in this particular case, the eyewitness was – the court of appeals said that the store was well-lighted and so on, but it did not go into the fact that the witness himself agreed that the – that the six-pack – Mr. Perez's photo was the only one in which – it was quite different from the other photographs in that everybody looked quite a bit younger. The court of appeals did not discuss the fact that there were – the description that the eyewitness gave of the robber differed significantly from Mr. Perez. The court of appeals did not discuss the fact that there was a gun displayed, which would have affected his – the fear factor. The court of appeals did not discuss the fact that the eyewitness was also looking into the cash registers. And the court of appeals did not discuss the fact that the eyewitness met with the police six times, police and prosecutors. The eyewitness did testify that the second time he saw – at the time of the second robbery – so he is not doing the line-up. He is now in the middle of being robbed a second time. He recognized the guy as being the same guy who had robbed him previously, three months before, six weeks before, on the previous occasion. And that's pretty telling. That's pretty telling evidence, because this is not a situation where somebody says, oh, yeah, that's the guy. This is somebody who says, in a real-life situation, I saw the witness – I saw the guy again, and I recognized him as he walked in, as being the same guy. Before the second robbery started, I recognized him to be the same guy. And I'm 100 percent sure it's the defendant. That's pretty strong stuff. Except for the fact that the second – the description, again, that he gave of the person that he saw for the second time differed greatly from Mr. Perez. But the court of appeals addressed that issue. It said even if the contentions concerning a line-up were taken into account, it would not have been error to admit Browning's identification testimony. And he addressed the issues that you raise now and rejected them. Well, yes, because the – again, there's the – all the other factors that the Supreme Court set out to determine whether or not the admission of the – the erroneous admission of suggestive eyewitness identification violated his due process rights. And as I've said, the court never considered all of these other factors. And the eyewitnesses – Are you saying what the court did was clearly contrary to clearly established Supreme Court law? I'm saying that what the court did was an objectively unreasonable application of Supreme Court law, based upon its failure to evaluate all of the other factors set out in the test of Manson v. Braithwaite and failure to then measure those five factors against the corrupting effect of the – of the suggestive eyewitness identification. And the fact that the court of appeal also failed to mention that the eyewitness, as well as the eyewitness identification expert, agreed that the – Mr. Perez's photograph was substantially different from the others and also that he was the only Caucasian-looking individual in that photograph – in the live lineup. And the court of appeal failed to mention that as well. Okay. Now you are over your time. Your Honors, and I would – I would – in light of the court's position, which is very different from mine regarding how I was supposed to get these exhibits here, I would ask this Court not to submit the decision and let me go and get this order at the time. If I've made a mistake, I've, you know – We understand your position. I also hope that the next time you take a habeas case, you think very carefully about what you're doing. Well, Your Honor, in the past I have also – You've got somebody's life in your hands. And when a judge – you know, when you're instructed once about how you're supposed to do it, you should just take that instruction to heart. Well, Your Honor, I – you know, I respectfully disagree. I think that I have made every effort and that if the court, you know, when it said, you know, I'm prepared to do this, the original district court judge, the opinion that was issued said that basically that it really was irrelevant to the analysis to have the exhibits. Are you talking now about the magistrate judge's opinion? Initially, yes. And then here I filed the motion saying I am prepared to go and get it. It speaks for itself. And I think you would serve your interests best if you admitted you were wrong, rather than continuing to argue the same point. It doesn't really answer – And serve your clients. If you – was this an appointed case? No, Your Honor. No, it was not. But, again, then I would ask the court – I would hope that you penalized other Petitioners that in future cases you take the lessons of this case to heart. Okay? We'll hear from the State. Good morning. May it please the Court. My name is Donald DiNicola, Deputy Attorney General, further respondent. How do you do, Mr. DiNicola? Good morning. Tell me something. I looked at the Court of Appeal opinion in this case. And I thought they did a somewhat curious thing. They affirmed the findings of fact of the trial judge on the question of the six-pack. But as best I can tell, they never actually looked at the six-pack themselves. They gave a great deal of – they sort of described what the district judge did. But I don't have any indication at all, and it seems actually quite clear from the language, that they actually never looked at it themselves. And I'm wondering, if that is the case, have they committed grave and possibly constitutional error? No, Your Honor, I don't think so. I think what the State Court of Appeal said was that they – we cannot say the evidence is insufficient to support the trial court's conclusions. How can it make that decision? I mean, for all we know, there were four women and one guy on that six-pack in the lineup. Yes, but they can't say that the evidence is insufficient if the premise is that the photographs are – How do they know that? The district judge gave a description, a verbal description of what these things look like. But without actually looking at the lineup themselves, how do they know that the trial judge's – the Superior Court judge's description actually matches the photograph? How do we know, in fact, this was – the lineup didn't consist of five women or, you know, four women and one guy, just to give an absurd example? They don't – perhaps they don't know, but they don't need to know, because somewhat similar to the circumstances here in the Federal Court – Why don't they need to know? Because on direct appeal in State court, it's the burden of the appellant to produce a record that demonstrates the error. Oh, but I think that is not quite right, because clearly he argued against the – that the findings were unsupported. And unless State practice is very different from Federal practice, the appellate record – the appellate court has access to the entire record. You don't have to certify exhibits or – or am I mistaken? Does somebody actually have to – does a litigant actually have to send – Yes. Yes, the appellant has to produce the portions of the record that don't normally go up. The reporter's transcript and the clerk's transcript normally go up, but the exhibits don't normally go up. And there has to be an effort made to bring those exhibits before the State Court of Appeal. Now, I'm not saying the State Court of Appeal couldn't have done it sui sponte, but they didn't have in front of them sufficient evidence to say that the State trial judge's factual findings were wrong. They don't say we can't review because the thing isn't in front of us. They go ahead and say – you know, they give a description, essentially, and we cannot say the evidence is insufficient. That's right. To me, it sounds like they are proving – I mean, it's one thing they said, Look, this may be inconsistent with the lineup, but we can't look at it because nobody gave it to us. But they don't quite say that. Well – It makes it sound like they actually are doing a review when, in fact, it's pretty clear they're not doing a review. They're sort of taking the trial judge's word for it. Well, I think that's an interpretation of their language, but I don't think it's the only interpretation. Do you have a citation for a requirement that an appellant must certify – I don't know, maybe not on you, but can you provide us that on evidentiary exhibits an appellant must provide them to the court of appeal in order for them to be considered? I'm sorry. I don't believe I said exactly that. I think I said that the appellant has the burden of proving a record that shows error. The photographs are not normally in front of the court. But the record is the record. The record is the record. And it's only the question of who has the burden of making sure that they travel from downtown to the court of appeal. Yes, the court could have done this in response. No, the question is, did the failure – if, in fact, it was a failure on the part of the appellant in that case, to ask for them to be transported, does that then prevent review? I mean, did he fail an obligation? Is there some rule that says you have to do that in order to get that matter reviewed? Or is it the court's obligation, if the matter is raised, to get whatever parts of the record it needs in order to do meaningful review? I don't think I could say that the failure of the appellant to produce the exhibits precluded the State court from getting the exhibits on its own. Well, but it's not – Never the – It's not the question. Is it a forfeiture of some sort or some waiver by failure to produce exhibits? I think – I think my best interpretation of State law is that the appellant, if he does not do that, although he doesn't preclude the State court from doing it on its own, runs the risk that the State court might not, because the appellant always bears the burden of producing the record that demonstrates error. There is a case in Ray Cathy P. It's been a long time. I think it's in 21 Cal 3rd. It states the general proposition. But, again, I'm not saying that the State court couldn't have done it. But I do think that if the record is not – if the exhibits are not before the State court, and since the appellant does have the burden of producing a record, and if the appellant doesn't, then I think the appellant runs the risk. Do you agree with me that there's no way to do this review, for an appellant court to do this review, without actually looking at the six-pack or the exhibits? Well, I don't agree with Your Honor's interpretation of what the State court said. That's not what I asked. Well, it's kind of a loaded question, because if – Okay. Yes, no, or I choose not to answer. You've got those three choices. Well – It's not possible to conduct a review of the Superior Court's findings regarding the six-pack and the lineup without actually looking at the six-pack from the lineup. No, I disagree. You think it is possible? It is possible because – As far as the graphic lineup, the trial judge agreed with Parris' contention. Mm-hmm. The judge also noted looking at the photograph, and her eyes were not drawn to Parris. With respect to the live lineup, the trial judge rejected the argument Parris was the only Caucasian. Okay? Yes. How can they tell – how can the District – the Court of Appeal know whether Mr. Parris was or was not the only Caucasian? How can it review on that point? I agree that they can't know that unless they see the photos. I'm just making the point that they didn't say that that's what they were doing. All they said was – But that wasn't my question. Well, let's – You do agree with me that you cannot tell – an appellate court cannot tell – Yes. – whether the trial court was correct in saying he was only Caucasian – Yes. – without actually looking at it. Yes, I do agree with that. So your answer to that question is yes, it cannot do that. Yes, and I believe I had answered that before. and we decide that, in fact, it did – it affirmed this, including the thing that – Yes. – the thing about him being only Caucasian, and it really didn't have the lineup to look at. Mm-hmm. So it has done something here that you yourself admit this is impossible. What flows from that? Well, I don't think any – Is that a reasonable application of Supreme Court pressure? Well, I would say yes, it is, in this sense, and I don't want to be obtuse or belabor the point. But my position is – Well, one should not be obtuse or belabor the point. Yes. An appellate court does something that you have said it cannot do.  What I've said, Your Honor, is that I agree that an appellate court, without looking at the photographs, cannot say that the trial judge was right or wrong in the sense of – Or even that it was – the trial judge's decision was supported by sufficient evidence. And they didn't even say – I mean, all we know is they had monkeys in there. But they didn't. All we know is they had a zoo, varnished animals, and one guy, right? But the court didn't even say that. They didn't say they found it was supported by sufficient evidence. They said they couldn't say that it was supported by insufficient evidence. Right. And that – and I think they can say that without the photographs. How is that? Because in order to say that the evidence, in fact, was insufficient, they would have to have the photographs in front of them. So we're back to – But all they need to say – We're back to saying who has the burden of making sure the photographs are here. Well, that's – yes, yes, that's right. So that's what your point collapses to. No, no, no. Now, let's say – this makes sense – difficult on you. Let's say we look at the rules of court in California. We decide that all you have to do is raise the point and invent the duty of the court to obtain the record. Let's just say that's the rule in California. Okay. So put away the fact that he didn't have the thing shuttled. Right. Do you still agree that court of appeal in doing something that you said is impossible is applying – conducting the – No, because I think then you would need – No, because you would need a United States Supreme Court case that said you – in order to do appellate review of a direct appeal of a criminal case, you cannot put the burden – I see. So Deputy Attorney General Nicholas' statement that it's impossible is not good enough. We need an actual Supreme Court case saying an appellate court can't do the impossible. No, because I think what Your Honor is shifting is what I said it was impossible to do. It's impossible to make an affirmative determination that the photographs were exactly what the trial judge said. But it's not impossible. And I've never said it was impossible. Anything like what the trial judge said. No, no. The fact is no judge other than the superior court judge has ever looked at this evidence. That's right. And maybe we can fast forward. Supposing that's right. Supposing what Your Honor says is true. Supposing that, although I don't believe that's what the State court said, supposing the State court said, in effect, we've looked at the exhibits and we find the evidence supports them. And supposing that that's objectively an unreasonable determination of the facts. I don't think it would be an objectively unreasonable application of Supreme Court law, because I don't think there's a Supreme Court law that sets out rules of appellate review for the States. But let's say we get past 2254D, the deference standard. We're still in federal court and we're still on appeal with a claim that the photographs were unreliable or they led to an unreliable determination. And we're still in the same cul-de-sac because we don't have the photographs. Not quite, because what the claim is, I believe, is that the State courts unreasonably apply to Supreme Court authority. And if they don't conduct meaningful appellate review of the question of whether the lineup is suggestive, we don't have to look at the photographs. All we can say is that, in fact, the State courts haven't done their job. No. No, because then you have an entirely different claim. The claim is not anymore that the exhibits were – that the photographs led to an unreliable determination. Now the claim is that the appellate review afforded by the State of California was insufficient. That's a different claim. It's never been presented to the State courts. It's never been exhausted. And it's too late to change the claim now. We're still with the same basic claim, which is the reliability of the testimony, the identification testimony. Regardless of whether or not the State court would have seen photographs of monkeys, when it came time to come into Federal court, if the petitioner was able to avoid the deference standard of 2254d1 and d2, they'd still be stuck with the obligation to prove the factual basis of their claim. That would mean that they would have to come into Federal court, and for the very same reasons Your Honor has articulated, they would have to show the Federal judge the photographs. That wasn't done. And now we're on appeal. And there's nothing in the record that allows, I think, the court to find that there was an error below. So the result is going to be the same, regardless of whether or not there's a criticism of how the State court of appeal handled the case. Nothing further, Your Honor. Thank you. So way over your time. Your Honor. 30 seconds. I'm concerned. Your Honor, I'm not concerned about the Court's criticism of the way that I handled this, although my concern is for Mr. Perez. And I will, you know, go and get this order. I just, I disagree that the way I interpreted the proper procedure in order to get that exhibit before this Court. And I am prepared to go and file the ex parte application, stating that I should forward it to the Court. And the other thing I want to point out. I think you're going to have a rebuttal. You know, if you want to sit here and, you know, keep justifying your sort of malpractice, I, you know, I, you know, we don't have the time for this, and you're way over your time. OK. Thank you. The case is argued. We'll stand some minutes. Next case to be argued is Moisa versus Bonhart. Thank you, Your Honor. Thank you.
judges: Noonan, Kozinski, Schwarzer